Douglas E. Dexter (State Bar No. 115868)
**FARELLA BRAUN & MARTEL LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
P: (415) 954-4400 F: (415) 954-4480

Stuart J. Miller (SJM 4276)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005 F: (212) 581-2122

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
**THE GARDNER FIRM, P.C.**
182 St. Francis Street, Suite 103
Mobile, AL 36602
P: (251) 433-8100 F: (251) 433-8181

*Attorneys for Plaintiff Vernie Roberts, Jr.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| VERNIE ROBERTS, JR. on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TELLTALE GAMES, INC.,<br><br>Defendant. | Case No.: 3:18-cv-5850<br><br>**CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. §§ 2101 – 2109 AND CALIFORNIA LABOR CODE §§ 1400 ET SEQ.]**<br><br>**DEMAND FOR JURY TRIAL** |

VERNIE ROBERTS, JR. ("Plaintiff") on behalf of himself and a class of those similarly situated, by way of Complaint against TELLTALE GAMES (hereinafter referred to as "Defendant") by and through his counsel, alleges as follows:

/////

/////

/////

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]   1

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), 29 U.S.C. §§ 2101-2109 et. seq. and its California counterpart, California Labor Code §§ 1400 et seq. (collectively, the "WARN Act").

2. Plaintiff and the class of similarly situated employees he seeks to represent were terminated as part of, or as a result of, the shutdown or mass layoff ordered by the Defendant. As such, the Defendant violated the WARN Act by failing to give the Plaintiff and the class of similarly situated employees he seeks to represent at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees are entitled under the WARN Act to recover from the Defendant 60 days' wages and ERISA benefits, none of which has been paid.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104 (a)(5).

4. The facility at which the Plaintiff and other similarly situated employees worked was located in this district.

## THE PARTIES

5. Plaintiff and the other similarly situated employees were employed by Defendant and reported to a facility located at 4000 Civic Center Dr., Suite 100; San Rafael, CA 94903 (the "Facility") until their terminations which occurred on or about September 21, 2018.

6. Upon information and belief, at all relevant times, Defendant was a California corporation, which owned, operated and maintained the Facility.

7. On or about September 21, 2018, Defendant ordered the termination, without cause of Plaintiff and approximately 275 other similarly situated employees at the Facility without providing Plaintiff and the Proposed Class with advance written notice as required by the WARN Act.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

2

00738\6953310.3

## THE CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. § 2104 AND CALIFORNIA LABOR CODE § 1404

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 above, as if set forth in their entirety.

9. The Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about September 21, 2018 and thereafter who worked at the Facility until their termination (the "Proposed Class").

10. Each of the Proposed Class members are similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

11. The Plaintiff and the Proposed Class members were discharged by Defendant, without cause on his or her part.

12. Defendant was required by the WARN Act to give the Plaintiff and each of the Proposed Class members at least sixty (60) days prior written notice of their respective terminations.

13. Prior to their terminations, neither the Plaintiff nor the Proposed Class members received any written notice that complied with the requirements of the WARN Act.

14. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq. and employed more than 50 employees at its Facility.

15. At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a) and its California counterpart, California Labor Code §§ 1400 et. seq.

16. At all times relevant herein, Plaintiff and the Proposed Class were "employees" of Defendant as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

3

00738\6953310.3

17. On or about September 21, 2018, the Defendant ordered a "mass layoff" or "plant closing" as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3) and its California counterpart, California Labor Code §§ 1400 et seq., by ordering the termination of the employment of Plaintiff and approximately 275 Proposed Class members who worked at the Facility (the "Aggrieved Employees").

18. Defendant's actions at the Facility resulted in an "employment loss" for at least thirty-three percent of its employees, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

19. Defendant's permanent termination of the Aggrieved Employees constituted a "mass layoff" or "plant closing" as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq.

20. Plaintiff and the Proposed Class are "affected employees" as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq.

21. Pursuant to Section 2102 of WARN and its California counterpart, California Labor Code §§ 1400 et seq., Defendant was required to provide Plaintiff and the Proposed Class at least 60 days prior written notice of their terminations.

22. Defendant failed to give at least sixty (60) days prior written notice to Plaintiff and the Proposed Class members of their terminations, in violation of WARN.

23. The Defendant failed to pay the Aggrieved Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

24. As a result of Defendant's failure to pay the wages, benefits and other monies, the Aggrieved Employees were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

4

00738\6953310.3

would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## CLASS ACTION ALLEGATIONS— FEDERAL RULES OF CIVIL PROCEDURE 23 (a) AND (b)

25. The Plaintiff asserts this claim on behalf of himself and the Proposed Class pursuant to Rule 23 (a) and (b) (3) of the Federal Rules of Civil Procedure.

26. The Plaintiff and the Proposed Class constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27. The Proposed Class is so numerous as to render joinder of all members impracticable as there are approximately 275 persons who are included in the Proposed Class.

28. Common questions of law and fact are applicable to all members of the Proposed Class.

29. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Proposed Class: all Proposed Class members enjoyed the protection of the WARN Act; all Proposed Class members were employees of Defendant who, prior to the terminations, worked at the Facility; Defendant terminated the employment of all the members of the Proposed Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Proposed Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30. The questions of law and fact common to the members of the Proposed Class, as above noted, predominate over any questions affecting only individual members, and thus, this class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The Plaintiff's claims are typical of the claims of other members of the Proposed Class in that for each of the several acts described above, the Plaintiff is or was an injured party.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

5

00738\6953310.3

32. The Plaintiff will fairly and adequately protect and represent the interests of the Proposed Class.

33. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act and class action litigation.

34. The Proposed Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

35. The Proposed Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. No Proposed Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

37. No litigation concerning the WARN Act rights of any Proposed Class member has been commenced by any other employee than Plaintiff.

38. Concentrating all the potential litigation concerning the WARN Act rights of the Proposed Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Proposed Class members.

39. On information and belief, the identity of the Proposed Class members is contained in the books and records of Defendant.

40. On information and belief, a recent residence address of each of the Proposed Class members is contained in the books and records of Defendant.

41. On information and belief, the rate of pay and benefits that was being paid by Defendant to each Proposed Class member at the time of his/her termination is contained in the books and records of Defendant.

42. As a result of Defendant's violation of the WARN Act, the Plaintiff and the other members of the Proposed Class have been damaged in amounts equal to the sum of: (a) their

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

6

00738\6953310.3

respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

a. An amount equal to the sum of all of the Aggrieved Employees': unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401 (k) contributions and other ERISA benefits, for sixty (60) days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A) and its California counterpart, California Labor Code §§ 1400 et seq.

b. Certification that the Plaintiff and the Proposed Class members constitute a single class;

c. Appointment of the undersigned attorneys as Class Counsel;

d. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to him for his services as such;

e. Interest as allowed by law on the amounts owed under the preceding paragraphs;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and its California counterpart, California Labor Code §§ 1400 et seq., and

g. Such other and further relief as this Court may deem just and proper.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

7

00738\6953310.3

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Date: September 24, 2018.

BY: /s/ Douglas E. Dexter
Attorneys for Plaintiff

Douglas E. Dexter (State Bar No. 115868)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
P: (415) 954-4400
F: (415) 954-4480

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen
Vance McCrary
182 St. Francis Street, Suite 103
Post Office Drawer 3103
Mobile, AL 36652
P: (251) 433-8100
F: (251) 433-8181

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT]

8

00738\6953310.3